IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOB AHMADI, <br> TDCJ NO. 624218, | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. H-14-0139 |
| WILLIAM STEPHENS, | § <br> § <br> § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Bob Ahmadi, a TDCJ inmate, has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 challenging a parole revocation proceeding that occurred on April 2, 2013 (Docket Entry No. 1, p. 5). Ahmadi states in his petition that he has not filed any petitions, applications, or motions in any state court challenging his parole revocation. Id.

Under 28 U.S.C. § 2254, a habeas petitioner challenging the validity of his incarceration pursuant to a state judgment and sentence must exhaust available state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b)(1); Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997). It is imperative that the substance of the claims have been presented to the state's highest court. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is based in part on the

principle of comity in which the states have the first opportunity to address and correct alleged violations of a state prisoner's federal rights before consideration by the federal courts. Coleman v. Thompson, 111 S. Ct. 2546 (1991).

The exhaustion requirement applies to habeas petitioners challenging parole revocations. Alexander v. Johnson, 163 F.3d 906, 908-09 (5th Cir. 1998). It is customary for the Texas courts to review complaints about defects in parole-revocation proceedings, and such complaints are presented in state applications for writs of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. Campos v. Johnson, 958 F. Supp. 1180, 1186 (W.D. Tex. 1997), citing Ex parte Nelson, 815 S.W.2d 737 (Tex. Crim. App. 1991); Ex parte Canada, 754 S.W.2d 660 (Tex. Crim. App. 1988). The court has examined available state court records and has found no entry indicating that a state application for a writ of habeas corpus has been filed challenging the 2013 revocation. See Texas Court of Criminal Appeals website, (http://www.cca.courts.state.tx.us/). Therefore, Ahmadi's federal habeas petition will be dismissed. Alexander, 163 F.3d at 908.

Accordingly, it is **ORDERED** that this cause of action be **DISMISSED without prejudice** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

Should the petitioner file a notice of appeal, this court **DENIES** the issuance of a certificate of appealability for the reasons stated in this Memorandum Opinion and Order. 28 U.S.C. § 2253; Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

**SIGNED** at Houston, Texas, on this 23rd day of January, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE